UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cr86

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **PRELIMINARY ORDER** |
| v. ) | **OF FORFEITURE** |
| ) | |
| (1) RONNIE LEE NEELY, ) | |
| ) | |
| Defendant. ) | |

In the Second Superseding Bill of Indictment in this case, the United States sought forfeiture of property of the Defendant as property that was used or intended to be used to facilitate the crimes charged, which would be subject to forfeiture under 21 U.S.C. § 853. (Doc. No. 46).

Defendant was subsequently convicted by a jury on both counts in the Second Superseding Bill of Indictment and was adjudged guilty of the offenses charged in those counts. (Doc. No. 51: Verdict). Based on the jury's verdict and the evidence already in the record, the Government has established the requisite nexus between the property and such offenses.

It is therefore ORDERED:

1. Based upon Defendant's convictions, the United States is authorized to seize the following property belonging to Defendant, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

>a. the sum of $8,000 in United States currency seized from Dwayne Renwrick on or about November 9, 2009;

>b. the sum of $11,430 in United States currency, scales, and a hydraulic shop press seized from Defendant's residence on or about June 3, 2010.

2. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n).

Signed: July 12, 2011

Robert J. Conrad, Jr.
Chief United States District Judge