UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cr-86-RJC-DSC-1

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
|  | ) **ORDER** |
| RONNY LEE NEELY, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Defendant's *pro se* Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)(6), (Doc. 112), Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a), (Doc. No. 113), and Motion to Amend Title of Pleading, (Doc. No. 115).

A jury found Defendant guilty of conspiracy to distribute and/or possess with intent to distribute cocaine and cocaine base (Count One), and attempt to possess with intent to distribute cocaine base and aiding and abetting the same (Count Two). (Doc. 51). The Government filed an Information pursuant to 21 U.S.C. § 851 notifying the Court that Defendant had a prior felony drug conviction and therefore he was subject to a mandatory minimum sentence of 20 years pursuant to 21 U.S.C. § 841(b)(1)(B). In a Judgment docketed on September 21, 2011, the Court sentenced Defendant to the minimum mandatory sentence of 20 years' imprisonment followed by a total of 10 years of supervised release. (Doc. No. 81). The Fourth Circuit Court of Appeals affirmed Defendant's conviction and sentence on direct appeal. United States v. Neely, 483 F. App'x 800 (4th Cir. 2012).

1

Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in 2012, case number 3:12-cv-570-RJC, that he voluntarily dismissed in 2013. See (Docs. 98, 101).

Defendant then filed Motions for sentencing relief under the First Step Act, which were denied. See (Docs. 104, 109, 110, 111).

On February 1, 2020,[1] Defendant filed his Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)(6), (Doc. 112), and Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a), (Doc. No. 113). He argues that his conspiracy conviction rests on a Fifth Amendment violation because the Government failed to prove that he knew of the conspiracy at the time he purchased cocaine, that he knowingly and voluntarily joined in the conspiracy to distribute cocaine, or that he knowingly committed an act in furtherance of the conspiracy. (Id.); see (Doc. No. 113).

Because Defendant voluntarily dismissed his prior § 2255 action, the Court issued an Order pursuant to United States v. Castro, 540 U.S. 375 (2003), informing him of its intent to recharacterize his Rule 60(b) Motion as a § 2255 Motion to Vacate. (Doc. No. 114).

Defendant has indicated that he does not wish to proceed under § 2255 and asks the Court to recharacterize his Rule 60(b) Motion as a Motion for New trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (Doc. No. 115). Defendant argues that he is actually innocent of conspiracy and that his conviction resulted from ineffective assistance of counsel, which is a Sixth Amendment violation resulting in a fundamental miscarriage of justice.

As a preliminary matter, Rule 60(b) of the Federal Rules of Civil Procedure applies to civil cases and is not a proper means of challenging a criminal conviction or sentence. If a criminal defendant challenges his conviction or sentence pursuant to Rule 60(b), the court should construe

---

[1] Houston v. Lack, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule).

the motion as a § 2255 Motion to Vacate.  See United States v. Winestock, 340 F.3d 200 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015).  However, Defendant has indicated that he does not wish to proceed under § 2255 and his criminal conviction and sentence are not amenable to a challenge under Rule 60(b).  Therefore, insofar as Defendant seeks relief under Rule 60(b), his Motion will be denied.

Defendant now asks the Court to construe his Rule 60(b) Motion as seeking relief under Rule 33(a).  A court may vacate any judgment or grant a new trial on the defendant's motion "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A motion for new trial grounded on newly discovered evidence must be filed within three years after the verdict, and if grounded on any other reason, must be filed within 14 days after the verdict. Fed. R. Crim. P. 33(b). To proceed on a claim of newly discovered evidence, a defendant must prove that: (1) the evidence is newly discovered; (2) the defendant exercised due diligence in discovering the evidence; (3) the evidence is not cumulative or merely impeaching; (4) the evidence is material; and (5) the evidence would likely result in acquittal at a new trial.  United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995).

Defendant's Motion was filed on February 1, 2019, more than eight years after his Judgment was entered, and it is untimely under Rule 33. Moreover, he has not alleged the existence of newly discovered evidence or any other basis for Rule 33 relief.  Therefore, his Motion will be denied to the extent that he seeks relief under Rule 33.

Defendant's Motion for Summary Judgment will be denied because he has failed to demonstrate that he is entitled to judgment under any of the theories he has presented.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)(6), (Doc. 112), Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(a), (Doc. No. 113), and Motion to Amend Title of Pleading, (Doc. No. 115), are **DENIED**.

Signed: August 24, 2020

*[Signature: Robert J. Conrad, Jr.]*

Robert J. Conrad, Jr.
United States District Judge

4